**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **VICTOR BISHARA** and | ) | |
| **CLAIR VANDERSCHAAF,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 07-2813-STA-dkv** |
| | ) | |
| **GLEN BASCOM II;** | ) | |
| **GLEN BASCOM SR.** | ) | |
| and **THE TOWN OF ARLINGTON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
_____

Before the Court is Defendants' Motion for Summary Judgment (D.E. # 17) filed on

December 8, 2008.  Plaintiffs' response to the Motion was due on January 12, 2009.  To date,

Plaintiffs have failed to respond.  For the reasons discussed below, the Motion is **GRANTED**.

**BACKGROUND**

Defendants have summarized the case at bar as follows:

This is an action pursuant to 42 U.S.C.§1983 which was filed on December 18, 2007.

Compl. 1.  Plaintiffs, Victor Bishara and Clair Vanderschaaf, had an interest in a limited

liability company, Haysville Estates, LLC., which owned two tracts of land in the Town of

Arlington at the intersection of Airline Road and Hays Boulevard which are the subject of the

present action.  Am. Compl. ¶ 6; Def.'s Mot. Summ. J., Durant Aff., ex. 1, ¶8; Def.'s Mot.

Summ. J., Montesi Aff., ex. 2, ¶¶3-6, Attachments A & B.  Plaintiffs allege that, on October 20,

2003, their application to re-zone said property from office and estate to B-2 commercial and R-

2 medium density single family residential was rejected by the Arlington Planning Commission,

which was chaired at the time by Defendant, Glen Bascom, Sr.  Am. Compl. ¶¶11-20.  Plaintiffs

allege that the Planning Commission instead passed a motion recommending that the office

zoning be retained for the larger tract and that the smaller tract be re-zoned R-1 Low Density

Residential.[1] Am. Compl. ¶20.

Plaintiffs allege that the Arlington Board of Mayor and Aldermen, of which Defendant,

Glen Bascom II was a member at the time, voted against their re-zoning request by adopting

Ordinance 2003-08 on January 5, 2004, which had the effect of accepting the recommendation of

the Planning Commission.  Am. Compl. ¶21; ex. 1,¶24; Def.'s Mot. Summ. J., ex. 1C, Ordinance

2003-08.  Plaintiffs allege that the Planning Commission rejected their subsequent re-zoning

application on May 16, 2005.  Am. Compl. ¶ 26.  Plaintiffs claim that Defendants Glen Bascom,

Sr. and Glen Bascom, II, voted to reject their application and urged other members of the

Planning Commission and Board of Mayor and Aldermen to do likewise in order to further their

own personal and economic interests or the personal and economic interests of others and that

the aforementioned actions violated their right to substantive and procedural due process and

resulted in a loss in value of their property, as they were not able to finalize contracts with

---

[1] Pursuant to Tennessee law, before a zoning ordinance can be enacted or amended, the
change must first be submitted to the planning commission and approved by it, or, if
disapproved, shall receive the favorable vote of a majority of the entire membership of the chief
legislative body, in the present case, the Board of Mayor and Aldermen. Tenn. Code Ann. § 13-
7-
203(b).

companies who had previously provided letters of intent. Am. Compl. ¶¶ 28, 36, 38. Plaintiffs also allege a common law conspiracy claim, a Tennessee Governmental Tort Liability Act claim, and a state law claim for intentional interference with a prospective business relationship. Am. Compl. ¶¶ 39-51.

First, Defendants' Motion for Summary Judgment argues that Plaintiffs' federal claims are time-barred. The applicable statute of limitations for a Section 1983 claim is the Tennessee personal injury statute of limitations, which is one year. Plaintiffs filed this action on December 18, 2007; therefore, any act accruing before December 18, 2006 would be time-barred under the Tennessee statute of limitations. Plaintiffs have alleged that the Planning Commission rejected Plaintiffs' re-zoning application on October 20, 2003. Both Plaintiffs were present at that meeting. Plaintiffs were also present when the Planning Commission rejected their amended application on November 17, 2003. Arlington's Ordinance 2003-08 went into effect on January 5, 2004. Plaintiffs have alleged that their application for commercial zoning was wrongly denied. As a result, Plaintiffs were unable "to complete the contractual relationships contemplated by these letters of intent" which Plaintiffs had with potential partners. According to Defendants then, Plaintiffs were aware that their anticipated use of the property and their prospective business relationships were no longer viable no later than November 17, 2003. At the latest, the statute of limitations began to run when the ordinance took effect on January 5, 2004.

The latest date to which Plaintiffs' refer in their Amended Complaint is May 16, 2005, the date on which Plaintiffs' renewed application was removed by request of Plaintiffs' representative from the Planning Commission's agenda. Defendant argues that Plaintiffs'

renewed 2005 application concerning the property does nothing to save Plaintiffs' claim. The Planning Commission's 2003 decisions were discrete acts which triggered the statute of limitations for filing suit. Additionally, Plaintiffs themselves requested that their application be removed from the Planning Commission's April 18, 2005 agenda. Plaintiff Vanderschaaf had offered to sell the property to Christopher Montesi at that time. Plaintiffs' representative again requested that the renewed application be removed from the Planning Commission's agenda at its May 16, 2005 meeting. Therefore, there is no discrete act that Plaintiffs can cite to create a cause of action dating to 2005. For these reasons, Defendants contend that Plaintiffs' Section 1983 claim is now time-barred.

Alternatively, Defendants argue that Plaintiffs' Section 1983 claim is time-barred even if it accrued when Plaintiffs learned that Defendants Glen Bascom Sr. and Glen Bascom II were part of the partnership that purchased Plaintiffs' property. First, the sale of the property took place in 2005, after the one-year statute of limitations for the actions of the Planning Commission dating to 2003 had run. Second, at the time of the sale, neither Glen Bascom Sr. nor Glen Bascom II was on the Planning Commission. Glen Bascom Sr. has never sat on the Board of Mayor and Aldermen. Nothing about the transaction required the action or approval of the Board of Aldermen. Thus, both were acting in their capacity as private citizens when their partnership purchased Plaintiffs' property in 2005. Finally, both Bascoms' names appeared on the documents closing the transaction in July 2005. Plaintiff Vanderschaaf signed the warranty deeds bearing the names of the Bascoms. Therefore, Plaintiffs had notice of the Bascoms' involvement in the transaction at least by July 2005. In light of these facts, Defendants contend that any Section 1983 claim accrued by July 2005 at the latest when Plaintiffs "had reason to

4

know of their injury." Because Plaintiffs' complaint was not filed until December 2007, it is untimely.

Assuming that such claims were not time-barred, Defendants argue that Plaintiffs lack standing to recover pursuant to Section 1983. Haysville Estates, LLC, not Plaintiffs, held title to the property which is the subject of this case. Even if the Section 1983 claim was not time barred and Plaintiffs had standing, Defendant Town of Arlington contends that it is entitled to summary judgment on Plaintiffs' § 1983 claims because Plaintiffs have failed to plead that their alleged injuries were caused by a municipal custom or policy. The Bascom Defendants argue that they are entitled to summary judgment because their alleged actions do not amount to a federal constitutional violation. In the alternative, the Bascom Defendants argue that they enjoy legislative and qualified immunity to any claim.

Plaintiffs have failed to file a timely response to Defendants' Motion.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[2]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most

---

[2] Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

favorable to the nonmoving party.[3]  When the motion is supported by documentary proof such as

depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must

present some "specific facts showing that there is a genuine issue for trial."[4]  It is not sufficient

"simply [to] show that there is some metaphysical doubt as to the material facts."[5]  These facts

must be more than a scintilla of evidence and must meet the standard of whether a reasonable

juror could find by a preponderance of the evidence that the nonmoving party is entitled to a

verdict.[6]  When determining if summary judgment is appropriate, the Court should ask "whether

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-side that one party must prevail as a matter of law."[7]

Summary judgment must be entered "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."[8]  In this Circuit, "this requires the nonmoving party

to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[9]  Finally, the

"judge may not make credibility determinations or weigh the evidence."[10]  Under Federal Rule of

---

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[4] *Celotex*, 477 U.S. at 324.

[5] *Matsushita*, 475 U.S. at 586.

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[7] *Id.* at 251-52 (1989).

[8] *Celotex*, 477 U.S. at 322.

[9] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[10] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[11]

## ANALYSIS

The Court finds that Defendants' Motion for Summary Judgment should be granted due to the fact that Plaintiffs' Section 1983 claims are now untimely. While Section 1983 provides a federal cause of action, the statute of limitations for filing Section 1983 claims is governed by state law, namely the state's statute of limitations for personal injury torts.[12] In Tennessee the applicable statute of limitations is one year.[13] In this case, Plaintiffs filed their Complaint on December 18, 2007. Therefore, in order to maintain their Section 1983 claim, Plaintiffs' cause of action must have accrued at some time after December 18, 2006.

The accrual date of a Section 1983 claim is a question of federal not state law.[14] "Aspects of §1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles."[15] Those principles hold that a cause of action accrues "when the plaintiff has 'a complete and present cause of action,'" or more

---

[11] Fed. R. Civ. P. 56(c); *see also Celotex*, 477 U.S. at 322 (1986).

[12] *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 1093 - 1095 (U.S. 2007) (citing *Owens v. Okure,* 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Wilson v. Garcia,* 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)).

[13] *Montgomery v. Carter County, Tennessee*, 226 F.3d 758, 772 (6th Cir. 2000) (citing *Jackson v. United States,* 24 F.Supp.2d 823, 829 (W.D.Tenn.1998)).

[14] *Wallace*, 549 U.S. at 388.

[15] *Id*.

specifically when "the plaintiff can file suit and obtain relief."[16]

Furthermore, Section 1983 creates a cause of action when there is a deprivation "of any rights, privileges, or immunities secured by the Constitution," as a result "of any statute, ordinance, regulation, custom, or usage, of any State."[17]  In cases of local government liability such as one against a municipality and its officials, a plaintiff must allege the following: (1) that the plaintiff has suffered a deprivation of a constitutional right; and (2) the local government is responsible for that violation.[18]

It is clear that the conduct giving rise to Plaintiffs' Section 1983 claims dates back to 2003 and 2004.  In making their allegations pursuant to Section 1983, Plaintiffs' Amended Complaint refers only to the Bascom Defendants' conduct while Plaintiffs' re-zoning application was before the Planning Commission.[19]  Plaintiffs allege that the Bascom Defendants acted in their official capacities as an alderman of the Town of Arlington and as a member of the Planning Commission, respectively.  Am. Compl. ¶ 33.  Plaintiffs allege that the Bascom Defendants "improperly interfered with the process by which the municipality considered rezoning and spoke against Plaintiffs' application for purely personal and pecuniary reasons." Am. Compl. ¶ 34.  Plaintiffs allege that the Bascom Defendants violated Plaintiffs' right to

---

[16] *Id.* (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.,* 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997)).

[17] 42 U.S.C. § 1983.

[18] *Doe v. Claiborne County, Tenn. By and Through Claiborne County Bd. of Educ.*, 103 F.3d 495, 505 -506 (6th Cir. 1996).

[19] Plaintiffs' Amended Complaint is unclear about which Glen Bascom acted in what capacity.  For example, the Amended Complaint refers in many places to "Glen Bascom II and/or Glen Bascom, Sr." who appear to the Court to be two separate individuals.

substantive and procedural due process when they spoke out against Plaintiffs' application. Am. Compl. ¶ 35.[20]  Plaintiffs allege that the Town of Arlington is liable for the actions of the Board of Aldermen because the Board "had the final authority to establish zoning policy and to make zoning decisions for the Town of Arlington." Am. Comp. ¶ 37.  In their final allegation relevant to the Section 1983 claim, Plaintiffs allege that the actions of the Bascom Defendants led to the "loss in value of their property... and... the loss of their prospective business relationships with Walgreens, Learning Tree," and other potential partners.  Am. Compl. ¶ 38.

The Court holds that Plaintiffs' Section 1983 claims against all Defendants accrued in late 2003 or early 2004, making them now time-barred.  All of the underlying conduct giving rise to Plaintiff's Section 1983 claims against Defendants relates to the actions taken by the Planning Commission and Board of Aldermen on Plaintiffs' application for re-zoning in 2003. The meeting of the Planning Commission where Plaintiffs' application was first taken up and rejected took place on October 20, 2003.  The Planning Commission rejected Plaintiffs' amended application on November 17, 2003.  Arlington's Ordinance 2003-08 went into effect on January 5, 2004.  According to the Amended Complaint, the Bascom Defendants had improperly influenced these decisions.  The result was that Plaintiffs had lost their "prospective business relationships" with Walgreens, Learning Tree, and others.  Consequently, Plaintiffs also allege that they lost the value of their property.  Therefore, any potential Section 1983 claim against these Defendants accrued no later than January 5, 2004, the date on which the ordinance became

---

[20] The Amended Complaint contains two separate paragraphs numbered as paragraph 35. This fact is alleged in the second paragraph numbered 35.

law and foreclosed Plaintiffs' planned uses for the property.[21]  It was by this date, according to

the allegations in the Amended Complaint, that Plaintiff's alleged deprivation would have been

"a complete and present cause of action" for which Plaintiff could "file suit and obtain relief."

In light of the Court's ruling that Plaintiffs' Section 1983 claim accrued no later than

January 5, 2004, Plaintiffs' Section 1983 claim is now time-barred.  Plaintiffs did not bring this

cause of action until December 18, 2007, almost four years after any Section 1983 accrued.

Therefore, all Defendants' are entitled to summary judgment as to Plaintiffs' Section 1983

claims.

This leaves Plaintiffs' state law claims against the Bascom Defendants.  It is settled law

that the district court may exercise jurisdiction over a pendent state law claim, even after the

basis for removal to federal court has been eliminated, if recommended by a careful

consideration of factors such as judicial economy, convenience, fairness, and comity.[22]

Generally, if the federal claims are dismissed before trial, the state claims should be dismissed as

well.[23]  Therefore, Plaintiff's claims against the Bascom Defendants brought under the

---

[21] It does appear that Plaintiffs brought an amended re-zoning application about the same
property before the Planning Commission in 2005.  However, the evidence shows and Plaintiffs
have not refuted that Plaintiffs withdrew their application in May 2005 and sold the property in
July 2005.  The Court concludes that these facts cannot form the basis of a timely Section 1983
claim.  First, Plaintiffs did not refer to these events in their Amended Complaint in making their
Section 1983 claim.  Second, even if they had included these facts in making out their Section
1983 claim and the Court determined that the claim had accrued in 2005, the claim would still be
time-barred now.  Only Section 1983 claims accruing after December 18, 2006 are now timely.

[22] *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720
(1988); *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

[23] *Taylor v. First of Am. Bank-Wayne,* 973 F.2d 1284, 1287 (6th Cir.1992) (citing *Gibbs,*
383 U.S. at 726).

Tennessee Governmental Tort Liability Act and Tennessee common law are dismissed.

## **CONCLUSION**

Defendants are entitled to summary judgment as to Plaintiffs' Section 1983 claims.

Having dismissed the claim which formed the basis for federal jurisdiction, the Court declines to

exercise jurisdiction over any of Plaintiff's state law claims against the Bascom Defendants.

Therefore, Defendants' Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

> **s/ S. Thomas Anderson**
> S. THOMAS ANDERSON
> UNITED STATES DISTRICT JUDGE
>
> Date: January 15th, 2009.